UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ARMANDO SOZA, *et al.* | CIVIL ACTION |
| VERSUS | NO. 22-985 |
| SOUTHERN FIDELITY INSURANCE COMPANY | SECTION M (5) |

## ORDER & REASONS

Before the Court is a motion to remand filed by plaintiffs Armando Soza and Dominga Soza (the "Sozas").[1] The motion was set for submission on January 26, 2023.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance January 18, 2023. Defendant Southern Fidelity Insurance Company ("Southern Fidelity"), which is represented by counsel, did not file an opposition to the motion. Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 17.

[2] R. Doc. 17-3.

[3] Southern Fidelity removed this action, invoking the Court's diversity subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. R. Doc. 1 at 1. A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The federal district courts have original subject-matter jurisdiction based on diversity of citizenship when the cause of action is between "citizens of different States" and the amount in controversy exceeds the "sum or value of $75,000, exclusive of interest and costs." *Id.* § 1332(a)(1). Originally, there was complete diversity between the parties, as the Sozas are citizens of Louisiana and Southern Fidelity is a citizen of Florida for diversity purposes. R. Doc. 1 at 10. On January 3, 2023, however, this Court granted the Sozas' motion for leave to file first amended and supplemental complaint, R. Doc. 13, which added Louisiana Insurance Guaranty Association ("LIGA") to the action as the statutory successor-in-interest to Southern Fidelity. R. Doc. 14 at 2. LIGA is an unincorporated association and "has the citizenship for diversity purposes of each of its constituent member insurers." *Temple Drilling Co. v. La. Ins. Guar. Ass'n*, 946 F.2d 390, 394 (5th Cir. 1991). The parties do not dispute that LIGA has Louisiana citizenship for purposes of diversity. Accordingly, because complete diversity is lacking, remand in this instance is appropriate.

IT IS ORDERED that the Sozas' motion to remand is GRANTED.

IT IS FURTHER ORDERED that the above-captioned matter is remanded to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

New Orleans, Louisiana, this 19th day of January, 2023.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE